UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Kenneth D. Bell, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,<br><br>*Plaintiff*,<br><br>v.<br><br>Hamish Brownie, Praveen Kumar, and David Ian MacGregor Fraser,<br><br>*Defendants*. | CIVIL ACTION NO. 3:15-cv-70<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT FRASER'S MOTIONS TO DISMISS AND QUASH SERVICE OF PROCESS |

## BACKGROUND

The Plaintiff herein is the receiver for Rex Venture Group, LLC d/b/a ZeekRewards and was appointed by the United States Securities and Exchange Commission. The Plaintiff alleges in the Complaint that Zeek Rewards is a Nevada Corporation that operated a Ponzi scheme primarily through Paul R. Burks, Dawn Wright-Olivares, Danny Olivares, Roger Plyler, Darryle Douglas, and Alex de Brantes (collectively, the "Insiders") out of Lexington, North Carolina, through the web sites www.zeekrewards.com and www.zeekler.com. This lawsuit, based on a fraudulent conveyance theory, is an attempt by the Plaintiff to recover funds from Defendant David Ian MacGregor Fraser ("Defendant Fraser"), an innocent participant whose internet interactions with ZeekRewards fortuitously did not result in an overall financial loss for Defendant Fraser, on behalf of and for the benefit of those who did have such a net loss. The Plaintiff does not allege any knowledge or wrongdoing on the part of Defendant Fraser with regard to the alleged nefarious schemes of the Insiders.

1

## DEFENDANT FRASER

As set forth in the Affidavit of Defendant Fraser filed contemporaneously herewith, Defendant Fraser has dual citizenship in Great Britain and New Zealand [Fraser Affidavit ¶¶ 1 & 2]. He is not a citizen of the United States and has never been a United States resident [Fraser Affidavit ¶ 3]. His sole contact with this jurisdiction was through his personal use of the ZeekRewards website from his home in Malaysia [Fraser Affidavit ¶¶ 5 & 6]. As set forth in the Complaint, the Insiders established a website and made it available to anyone in the world with internet access. At the time Fraser discovered Zeek Rewards, he was unaware that this website originated in North Carolina [Fraser Affidavit ¶ 7].

Fraser has never visited nor done business in North Carolina [Fraser Affidavit ¶¶ 4 & 8]. He was served with process by a process server at his current home in Auckland, New Zealand. Certainly Defendant Fraser had no expectation of being haled into the courts of this jurisdiction. To ask him to defend this suit halfway around the world on account of falling into the Insider's international internet scheme would clearly "offend traditional notions of fair play and substantial justice."

## ARGUMENT

### I. Personal Jurisdiction in Receivership Actions.

A court-appointed receiver may obtain *in rem* jurisdiction over any and all receivership property by complying with the procedural requirements of 28 USC § 754. Nonetheless, section 754 is insufficient, standing alone, to serve as the basis of personal jurisdiction with respect to an individual defendant. *Gilchrist v. General Electric Capital Corp.*, 262 F.3d 295, 300 (4th Cir. 2001).

## II. Jurisdiction under North Carolina's Long Arm Statute.

Under FRCP Rule 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner prescribed by state law. North Carolina's long-arm statute, N.C. Gen. Stat. § 1.75.4, is intended to extend personal jurisdiction to the full extent allowed by the due process clause of the United States Constitution. *Regent Lighting Corp. v. Galaxy Elec. Mfg., Inc.*, 933 F. Supp. 507 (M.D.N.C. 1996). However, it cannot exceed the outer bound of federal due process. *General Latex & Chem. Corp. v. Phoenix Medical Technology, Inc.*, 765 F. Supp. 1246 (W.D.N.C. 1991).

The Plaintiff alleges in paragraph 22 of the Complaint that N.C.G.S. § 1.75.4 confers jurisdiction over Defendant Fraser because this action "relates to money or other things of value sent from North Carolina to Defendants at their order or direction." No subpart of N.C.G.S. § 1.75.4 follows exactly the statement by the Plaintiff of the jurisdictional basis, but the closest is N.C.G.S. § 1.75.4(5)d, which provides for jurisdiction in any action which "[r]elates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction * * *."

Defendant Fraser never ordered or directed that anything of value be sent to him in either Malaysia or New Zealand from North Carolina. Rather, based on the way the website operated, amounts he earned on-line were credited to his on-line Payza account by ZeekRewards [Fraser Affidavit ¶ 6]. Defendant Fraser did not know from what country or state the funds originated [Fraser Affidavit ¶ 7].

## III. The Limitation of Federal Due Process.

### A. Minimum Contacts.

In *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1946), the U.S. Supreme Court held in a landmark decision that:

> "[D]ue process requires that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

The minimum contacts test asks "whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that State." *Kulko v. California Superior Court,* 436 U.S. 84, 92, 98 S. Ct. 1690, 56 L. Ed. 2d 132 (1978)(quoting *International Shoe,* 326 U.S. at 316–317). "Like any standard that requires a determination of 'reasonableness,' the 'minimum contacts' test of *International Shoe* is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite 'affiliating circumstances' are present." *Kulko,* 436 U.S. at 92.

Although what constitutes sufficient minimum contacts has evolved and continues to evolve along with technology, it is clear that "technology cannot eviscerate the constitutional limits on a State's power to exercise jurisdiction over a defendant." *ALS Scan, Inc. v. Digital Service Consultants, Inc.,* 293 F.3d 707, 711 (4th Cir.2002). "'Those restrictions [on personal jurisdiction] are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States. However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had "minimal contacts" with that State that are a prerequisite to its exercise of

power over him.'" 293 F.3d at 711 (quoting from *Hanson v. Denckla*, 357 U.S. 235, 250, 78 S. Ct. 1228, 1238 (1958)).

## B. Specific Jurisdiction and Purposeful Availment.

Under the *International Shoe* standard, a state can exercise jurisdiction over an out of state resident by finding *specific* jurisdiction, based on conduct directly related to the claims of the lawsuit, or *general* jurisdiction, based on unrelated contacts in the forum state. *ALS Scan*, 293 F.3d at 711. In paragraph 22 of the Complaint, the Plaintiff asserts specific jurisdiction over Defendant Fraser based on his interaction with the Insider's website from his home in Malaysia.

In *ALS Scan*, the Fourth Circuit stated, "In determining specific jurisdiction, we consider (1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" 293 F.3d at 712 (citing *Christian Science Bd. v. Nolan*, 259 F.3d 209, 216 (4th Cir. 2001) and *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 46 U.S. 408, 414 & n.8, 104 S. Ct. 1868 (1984)).

"The purposeful availment inquiry * * * focuses on the defendant's intentionality. This prong is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." *U.S. v. Swiss American Bank, Ltd.*, 274 F.3d 610, 623-624 (1st Cir. 2001)(citation omitted). By limiting the scope of a forum's jurisdiction in this manner, the "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174 (1985). By contrast, "[w]hen a

corporation 'purposefully avails itself of the privilege of conducting activities within the forum State,' it has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or, if the risks are too great, severing its connection with the State. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 580 (1980)(citation omitted). Here, although the ZeekRewards website happened to originate in North Carolina, Defendant Fraser did not purposely avail himself of the privilege of doing business in North Carolina, nor did he direct activities into the state. Rather, the Insiders directed their website across the world. Thus, exercising personal jurisdiction over Fraser based on his random and attenuated contacts with North Carolina would be constitutionally unreasonable.

The *ALS Scan* opinion constructed a hybrid framework for analysis by adopting the sliding scale analysis developed in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997), and combining that with a traditional minimum contacts analysis. 293 F.3d at 713-714. The Fourth Circuit in *ALS Scan* noted the potential danger of excessively broad personal jurisdiction based on internet activities, which would eviscerate traditional notions of limited state sovereignty and personal jurisdiction: "It would be difficult to accept a structural arrangement in which each State has unlimited judicial power over every citizen in each other State who uses the Internet." 293 F.3d at 713. Because the internet is accessible anywhere and everywhere, the court must place "emphasis on the internet user or site *intentionally directing* his/her/its activity or operations at the forum state rather than just having the activity or operation accessible there." *Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011)(emphasis in original).

The Fourth Circuit in *ALS Scan* noted that in *Zippo*, that court concluded that the "likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet" and recognized a "sliding scale" for when contacts are sufficient to establish personal jurisdiction. 293 F.3d at 713. The Fourth Circuit adopted, with modifications, *Zippo* and concluded that "[a] State may, consistent with due process, exercise jurisdiction over a person outside the State when that person (1) directs electronic activity into the State, (2) **with the manifested intent of engaging in business or other interactions within the State**, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." 293 F.3d at 714 (emphasis added). Again, here, Defendant Fraser did not actively, consciously, or intentionally direct electronic activity into North Carolina. Rather, the Insiders directed their commercial activity to him in Malaysia. Defendant Fraser responded in his individual capacity. This was not, for him, a commercial activity, but rather a personal one. Defendant Fraser had no way of knowing that injury would result from his activities, and indeed no injury did directly result as a consequence of his behavior.

In *ALS Scan*, the court found that a defendant that put up a website in one state could not be subject to personal jurisdiction in another state where someone viewed the website. Applying the *Zippo* sliding scale largely adopted by *ALS Scan*, the present case is located somewhat toward the middle ground of the scale, because ZeekRewards operated an *interactive* website in which Defendant Fraser voluntarily participated. Internet websites that allow customers in foreign jurisdictions to communicate regarding the [defendant's] services or products are in the "middle ground" of the *Zippo* continuum. *Snowney v. Harrah's Entertainment, Inc.* 35 Cal. 4th, 112 P. 3d 28 (2005). However, again, here the website was not owned by Defendant Fraser –the

website was directed at him from the Insiders in North Carolina, not from him to persons in North Carolina.

As noted in the emphasized quotation above, a modification of the *Zippo* sliding scale test set out in the *ALS Scan* opinion, the defendant must have directed his electronic activity into the forum state with the ***manifested intent*** of engaging in business or other interactions within the state. Defendant Fraser had no such intent. He was not soliciting business within the state of North Carolina; he was merely responding, from his home in Malaysia, to a website that appeared on the Internet without any knowledge, or interest, as to the physical location of the sponsor of that website.

### C. North Carolina Jurisdictional Decisions.

Cases decided by the state courts of North Carolina are instructive on the point of minimum contacts. In *Modern Globe, Inc. v. Spellman*, 45 N.C. App. 618, 263 S.E.2d 859, *cert. denied*, 300 N.C. 373, 267 S.E.2d 677 (1980), the nonresident defendant had entered into a consulting contract with a North Carolina plaintiff. The court observed that the contract was silent as to the place of performance of the consulting and noted that the defendant did perform the consulting services on two occasions by telephoning into North Carolina from outside the state. The court held that it did not need to examine the provisions of the long-arm statute, N.C.G.S. § 1.75.4, as these contacts with North Carolina did not rise to the level of the defendant's purposefully availing himself of the privilege of conducting business in North Carolina, and thus under *Hanson v. Denckla* and *Kulko*, there were insufficient contacts to confer personal jurisdiction.

Similarly in *Taurus Textiles, Inc. v. John M. Fulmer Co.*, 91 N.C. App. 553, 372 S.E.2d 735 (1988), the court, although noting that the defendant apparently was subject to personal

jurisdiction under the long-arm statute, followed *Modern Globe* and found that telephone calls between the defendant purchaser in California and the plaintiff manufacturer in North Carolina, and the manufacturing of the products in North Carolina, were not sufficient to meet the minimum contacts standards of *International Shoe* and the subsequent decisions.

**IV. Application to Defendant Fraser.**

Even if a technical factor point toward the possibility of personal jurisdiction over Defendant Fraser, such as being near the "middle ground" of the *Zippo* continuum, Defendant Fraser's actions do not come close to meeting the "purposeful availment" requirement of *ALS Scan*.

This requirement by the Fourth Circuit is a logical application of the holdings of the Supreme Court in *International Shoe*, *Kulko*, and *Hanson v. Denckla* to the age of the Internet. The Defendant must have had minimum contacts with the forum state such that it is "reasonable" and "fair" to require him to defend in the forum state. Prior to the Internet, a defendant would know the address to which he is mailing a purchase order, or know from the area code where he is calling to place an order. (Although, as noted in the previous section, those activities may not be enough to establish personal jurisdiction.) As noted above, the Fourth Circuit in *ALS Scan* realized that application of old rules to Internet-based transactions technology cannot be allowed to eviscerate the constitutional limits on a state's power to exercise jurisdiction over a defendant.

The basic question to be answered since the decision in *International Shoe* is should the defendant reasonably anticipate being haled into the courts of the forum state? Here, the answer is clearly no. It is respectfully submitted that service of process should be quashed, and this case should be dismissed, due to the unreasonableness of requiring a victim who was halfway around the world to defend in this forum.

This the 8th day of May, 2015.

                              SHUMAKER LOOP & KENDRICK, LLP

By:   /s/ June K. Allison
      June K. Allison, Bar No. 9673
      Attorneys for Defendant David Fraser
      128 S. Tryon Street, Suite 1800
      Charlotte, N.C. 28202
      jallison@slk-law.com
      Telephone: 704 945 2193